■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILBUR R. ANDERSON, Appellant.— Same decision as in *People* v. *Adams* (16 A D 2d 1034). (Appeal from judgment of Erie County Court convicting defendant of burglary, third degree, and grand larceny, second degree.) Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ.

■ In the Matter of FRANK THEODORE, Individually and as Executor of STELLA THEODORE, Deceased, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Determination modified by dismissing charges 2 and 3 and by remanding the proceeding to the board to reassess and redetermine the penalty imposed, in accordance with the memorandum and, as so modified, determination unanimously confirmed, without costs. Memorandum: There is ample evidence to sustain charge 1. However, there is no evidence to sustain either charge 2 or 3. Both of these last two charges are founded upon the basic allegation that the licensee permitted an unescorted female to meet with an unescorted male in the licensed premises, both being unknown to the other up to that time. In other words, the fundamental charge was that the licensee permitted "pickups" and subsequent activities. It is clear from the record that at least one of the Authority's investigators had met the two females in question before December 2, 1961, and, of course, if he introduced the other investigator to one or both of the females on that date, these two charges cannot stand. Therefore, they should be dismissed. We believe that, in view of all of the circumstances of this case, the penalty pronounced against the licensee was excessive (Civ. Prac. Act, § 1296, subd. 5-a). It may well be that the severity of the punishment was measured to some extent at least by the fact that three charges were sustained against the licensee, instead of one. That is a matter for the Authority to consider upon our remand. However, whether that is so or not, in our opinion the penalty was excessive and, upon reconsideration, the board should alleviate it. (Review of determination of State Liquor Authority revoking a restaurant liquor license, transferred to the Appellate Division by order of Erie Special Term.) Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■ (A) ROCCO GRANDE, Appellant-Respondent, v. PHILIP RYAN et al., Respondents-Appellants. (B) FRANCES HUTCHINGS, Appellant, v. HINSON'S GARAGE, INC., et al., Respondents. (C) ERNEST R. HUTCHINGS, Appellant, v. HINSON'S GARAGE, INC., et al., Respondents.— [In each action] Appeal dismissed, without costs, upon stipulation.

■ THE PEOPLE OF THE STATE OF NEW YORK v. BRUCE McCOY.— Eugene Van Voorhis, Esq., relieved of assignment to prosecute appeal and Monroe County Clerk directed to furnish copy of transcript of trial to appellant, without charge, pursuant to section 456 of the Code of Criminal Procedure as amended by chapter 889 of the Laws of 1962. (Order entered June 7, 1962.)